IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

October 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

SARAH MOORE                    )    SULLIVAN COUNTY
                               )    03A01-9708-CH-00382
        Plaintiff-Appellee     )
                               )
                               )
        v.                     )    HON. JOHN S. McLELLAN, III,
                               )    JUDGE
                               )
ARCHIE T. MOORE, III           )
                               )
        Defendant-Appellant    )    VACATED and REMANDED


JAMES H. BEELER OF KINGSPORT FOR APPELLANT

TIMOTHY R. WILKERSON OF KINGSPORT FOR APPELLEE


O P I N I O N


                                        Goddard, P.J.



        Appellant, Archie T. Moore, III, appeals the Chancery

Court's judgment that it lacked jurisdiction as a matter of law

to address the issue of child custody in a divorce proceeding

because Mr. Moore is not the biological father of Brittney Moore,

the child in question.  The Chancery Court left the child in the

custody of her mother, Ms. Sarah Moore, the Appellee and former

third wife of Mr. Moore.

By his appeal, Mr. Moore contends that the Chancery Court does have jurisdiction to determine the issue of custody between the two parties. Furthermore, Mr. Moore requests that this Court award him custody of Brittney outright or for the case to be remanded for further consideration.

Ms. Moore's brief does not challenge Mr. Moore's position on the issue of jurisdiction. Instead, Ms. Moore offers two key arguments. First, that this Court should follow the legal presumption favoring a biological parent's custodial rights over the interests of a third party by allowing her to maintain custody. Second, that a trial court must weigh the evidence of parental fitness using a clear and convincing standard of proof when deciding a custody dispute between a biological and non-biological parent.

In addition, Ms. Moore moved for a dismissal of Mr. Moore's appeal because he twice failed to file his appellate brief on time. First, Mr. Moore violated Rule 29 of the Tennessee Rules of Appellate Procedure because he did not serve and file his brief within 30 days after the record was filed with the clerk on November 25, 1997. Second, even though this Court granted Mr. Moore until April 1, 1998, to file his brief, it was filed two days late because his attorney used regular mail to submit the brief. In order to comply with the Rules of Appellate Procedure, certified mail must be used to file a brief with the

2

Court Clerk on the date the brief was mailed.  We do not find this motion to be well taken and it is denied.[1]

The facts of this case, while intriguing, are not in dispute on appeal.  Briefly stated, Ms. Moore filed a petition seeking a divorce from her husband on the grounds of inappropriate marital conduct including physical abuse.  Mr. Moore filed a counter-claim seeking divorce because of his wife's ongoing promiscuous sexual activity with other men.  Both parties sought custody of Brittney and Carilea, who was their natural child.

In his answer, Mr. Moore alleged that Ms. Moore told him he was not the father of Brittney, their oldest child conceived before marriage, but born after their union.  Because of the allegation, Mr. Moore requested blood testing to determine parentage.  This test showed Mr. Moore was not the father of Brittney.  At trial, both parties stipulated to this evidence.

In his judgment, the Chancellor held he had no jurisdiction to make an award of custody in respect to Brittney, because of the lack of parentage.  Mr. Moore was awarded the divorce on his counter-claim and given custody of the younger

---

[1]    Although Mr. Moore's brief was twice filed late, this Court has power under Rule 2 of the Tennessee Rules of Appellate Procedure to suspend the requirements for filing an appellate brief on time.  Good cause exists because the subject of this appeal is child custody.  Even so, the Appellant's attorney should understand that he offered no credible excuse for his failure to file the brief within the time generously allowed by both Rule 29 and the Court's Order of March 17, 1998.  In order for our system of justice to run efficiently, each player must know the rules of the game.

child.  Subsequently, Mr. Moore filed this appeal to challenge the Chancellor's ruling on jurisdiction.

I. Jurisdiction

The first issue to be addressed is whether a trial court has jurisdiction in a divorce proceeding to make an award of child custody to a non-biological parent.  The rule of law that controls our determination was announced by the Supreme Court in Lentz v. Lentz, 717 S.W.2d 876 (Tenn.1986).

In Lentz, both parents sought a decree of divorce and an award of custody of the children.  During the proceedings, however, it became clear that the husband was not the father of the youngest child.  Because of the lack of parentage, the chancery court left custody of the youngest child with the mother believing it had no jurisdiction to award custody of the child to anyone other than the mother, when it was proven that the husband was not the father of the child.

The Supreme Court disagreed.  The Court reasoned that even if the chancellor must resolve a factual issue as to paternity, that determination has no effect on the jurisdictional limits of a court to protect the child.  The child's best interests are of paramount concern, and that is where the chancery court should focus its attention.  Lentz, supra, citing Bryan v. Bryan, 620 S.W.2d 85 (Tenn.App.1981); Bevins v. Bevins,

4

53 Tenn.App. 403, 383 S.W.2d 780 (1964).  See also <u>Logan v. Logan</u>, 26 Tenn.App. 673, 176 S.W.2d 601 (1943).  In its decision the Court held:

> Chancery court has jurisdiction of divorce actions, and has the authority to decree custody of minor children under the control of either of the parties.  The grant of custody can be to one or both of the parties, or to some suitable agency or person, as the welfare and interest of the minor children may require. . . . [A] finding that the husband is not the father of one of the children born during the marriage period does not affect the jurisdiction of chancery court to protect the child.

Lentz, 717 S.W.2d at 877.

In <u>Lentz</u>, the Supreme Court cited T.C.A. 36-6-101 as further authority for its position.  Any careful reader of T.C.A. 36-6-101(a)(1) will discover the statute allows the trial court the flexibility to award custody during a divorce proceeding to the parties to the proceeding or to "some suitable person, as the welfare and interest of the child or children may demand." Nowhere in the statute does it say that this suitable person must be the biological parent of the child.  A trial court, therefore, may consider other suitable persons in its determination of the award of child custody.  The Legislature obviously anticipated that complex custody cases would arise, and gave courts the

ability to address a child custody situation involving litigants other than the natural parents.[2]

We find the holding in <u>Lentz</u> and T.C.A. 36-6-101 to be dispositive on the jurisdictional issue before the Court. It is clear that the Chancellor did have jurisdiction to award custody of Brittney to either the biological parent or the non-biological parent in the divorce proceeding. Considering the alternative, if the Court was without jurisdiction, there would be no guarantee that Brittney's interests would come first. A trial court must consider the welfare and best interests of the child as <u>Lentz</u> and T.C.A. 36-6-101(1)(a) make clear.

II. Child Custody

The second issue we face is the custody of Brittney. Mr. Moore urges this Court to make an immediate award of custody to him because it is clear that the Chancellor had jurisdiction to make a proper determination at trial. He cites the Chancery Court's ruling as authority for this request in an attempt to show that Ms. Moore is, in fact, unfit to serve as custodian for Brittney. The Chancellor said of Ms. Moore:

> I find by my own observations, as well as the
> testimony of the Parties, that she has a
> quick temper, that she is aggressive, that

---

[2] One common example of this complexity exists in cases that involve step-parents who petition for a grant of custody. <u>See</u> <u>Henderson v. Mabry</u>, 838 S.W.2d 537 (Tenn.App.1992)(allowing the step-parent a temporary award of custody).

> she does get in people's face, as I have
> witnessed myself in the first day of the
> hearing, is combative, and I therefore credit
> the testimony of Mr. Moore and his witnesses
> and do not credit the testimony of Mrs. Moore
> in that regard.

While this statement may appear to be conclusive as to whether or not Ms. Moore is fit to serve as the custodial parent, in truth, the statement merely tends to show that the Chancellor weighed the evidence against Ms. Moore using the wrong burden of proof.

The Tennessee Supreme Court has established that an objection to the fitness of a parent in a child custody dispute between a natural parent and a third party can only be sustained by a clear preponderance of convincing proof. <u>Stubblefield v. State ex rel. Fjelstad</u>, 171 Tenn. 580, 106 S.W.2d 558 (1937) (using this standard to deny custody to deceased ex-wife's relatives in favor of father of the child). Other Tennessee courts have applied this heightened standard of proof when faced with the issue of parental rights, child custody, and third party interests. See <u>Henderson v. Mabry</u>, 838 S.W.2d 537 (Tenn. App.1992) (applying this standard to a custody dispute between the natural father and the step-father); <u>Dunavant v. Dunavant</u>, 31 Tenn.App. 634, 219 S.W.2d 910 (1949) (granting exclusive custody to father over the petition of maternal grandmother). In order for Mr. Moore to sustain his objection to Ms. Moore's fitness as a parent, we hold that the clear preponderance of convincing proof standard must be applied by the Chancellor to the evidence presented in this custody dispute.

From a review of the limited record before us, it does not appear the Chancellor considered this heightened burden of proof when making his ruling. All that can be gleaned from the Chancellor's statement is that at the most one party and his witnesses were more credible than the other party and her witnesses.[3] The question that remains unanswered is "By how much?" The word "credit" simply does not indicate a quantum of proof sufficient enough to satisfy the heightened burden present in this child custody dispute.

As to Ms. Moore's other argument, we agree that Tennessee courts do endorse the legal presumption favoring a natural parent in a child custody dispute as to third parties, but the courts have deferred to this presumption only so far as other considerations remained equal. <u>Stubblefield v. State ex rel. Fjelstad</u>, supra; <u>Dunavant v. Dunavant</u>, supra. See also <u>Doles v. Doles</u>, 848 S.W.2d 656 (Tenn.App.1992). One such basic consideration is the fitness of the parent. If the Chancellor should find that Ms. Moore is unfit to serve as custodian using the proper burden or proof, then the legal presumption fades, for the welfare and best interests of the child remain any court's chief concern. This presumption, therefore, should inform the Chancellor's ruling on the evidence, not control it.

---

[3] Normally this Court would review the evidence submitted at trial de novo. See <u>Smith v. Smith</u>, 188 Tenn. 430, 220 S.W.2d 627 (1949). The Appellant, however, failed to present this Court with the complete trial record on appeal.

8

The judgment as to custody is vacated and the cause is remanded for further proceedings consistent with this opinion and collection of costs below.  Costs of appeal are adjudged against Ms. Moore.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.